In the Matter of ROBERT GIBBS, on Behalf of Himself and All Others Similarly Situated, Appellant, v. CHARLES F. HOWELL, as Supervisor of the Town of Lansing, Appellant, and HELEN AMDUR et al., Respondents.

Third Department, January 25, 1973.

*Thaler & Thaler* (*Manley H. Thaler* of counsel), for Robert Gibbs, appellant.

*Mazza, Williamson & Clune* (*Robert I. Williamson* of counsel), for Charles F. Howell, appellant.

*Helen Amdur,* respondent in person, and for Rita Smidt and another, respondents.

COOKE, J. These are appeals from a judgment of the Supreme Court at Special Term, entered October 26, 1972 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78 and section 3-310 of the Village Law, to review the decision of the Supervisor of the Town of Lansing which sustained the petition of the incorporators of the Town of Lansing, affirmed the decision of said Supervisor that said petition complied in all respects with article 3 of the Village Law, and ordered an election to determine the question of the

incorporation of the territory among all the residents of the Town of Lansing qualified to vote for town officers.

Pursuant to article 3 of the Village Law, petitions for the incorporation of the Village of Lansing had been duly submitted on June 13, 1972 to appellant Howell, Supervisor of the Town of Lansing, by respondents Amdur, Smidt, and Callinan. After holding the required statutory hearing, appellant Howell determined that the petition complied in all respects with the requirements of said article 3.

From the record and appellants' brief and apparently recognizing the holding in *Kramer* v. *Union School Dist.* (395 U. S. 621), it is clear that the parties do not disagree with Special Term's direction that "all residents of the territory qualified to vote for Town Officers shall be allowed to vote" at the election to determine the question of incorporation, it being acknowledged that section 3-316 of the Village Law, as in effect at the time in question, was unconstitutional in requiring real property ownership in said territory as a condition to the exercise of franchise at such an election.

Appellants urge, however, that the property ownership qualifications contained in sections 3-302 and 3-306 of the Village Law, as effective prior to September 1, 1973 (see L. 1972, ch. 892, eff. Sept. 1, 1973), were unconstitutional, it being contended that the failure to allow all residents of the territory to participate in the preliminary proceedings, respecting those permitted to petition for or to object to incorporation, is in violation of due process afforded citizens under United States and New York State Constitutions. Appellants have not fulfilled their heavy burden in overcoming the strong presumption of constitutionality (*Lincoln Bldg. Assoc.* v. *Barr,* 1 N Y 2d 413, 418) since they have not shown how the failure to allow nonproperty owners to participate in said preliminary proceedings for village incorporation deprives them of their liberty or property (cf. *Matter of Auster* [*Stockton*], 263 App. Div. 773, affd. 288 N. Y. 643), particularly in view of the court's direction as to those to be permitted to vote at the election. Certainly, *Kramer* does not extend to these preliminary phases of incorporation.

The judgment should be affirmed.

STALEY, JR., J. P., GREENBLOTT, KANE and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.